**TUPELO SPINDLE COMPANY, Inc.,**
Appellant,

v.

**ALLIS-CHALMERS MANUFACTURING
COMPANY, Appellee.**

No. 21061.

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1964.

L. Arnold Pyle, Jackson, William S. Lawson, Tupelo, Miss., Watkins, Pyle, Edwards & Ludlam, Jackson, Miss., of counsel, for appellant.

W. P. Mitchell and Jess B. Rogers, Tupelo, Miss., for appellee.

Before TUTTLE, Chief Judge, JONES and ANDERSON,* Circuit Judges.

PER CURIAM:

This appeal seeks a reversal of a judgment of the trial court, sitting without a jury, finding for the appellee in an action for fraud in the inducement of a contract and for rescission of the contract for a material breach thereof, and on the ground of lack of consideration.

■ As is frequently the custom of this Court in a diversity case, and particularly one in which the errors complained of are errors in fact findings and conclusions based thereon by the trial court, we find it unnecessary to elaborate on the fact issues. We have carefully considered the findings of fact by the trial court and conclude without hesitation that there is substantial evidence on the record to sustain the essential findings on which the trial court determined that the contract between the parties was not fraudulently induced; that the plaintiff was not damaged by a fraudulent breach of a confidential relationship; that the appellee was not guilty of a material breach of contract; and finally, that there was adequate consideration to support the contract.

■■ The rule of law in Mississippi, as elsewhere, is that fraud must be proved by clear and convincing evidence, Osborn v. Thomas, 221 Miss. 682, 74 So. 2d 757. It is thus a peculiarly heavy burden that is placed upon an appellant who seeks a reversal of a finding by a trial court of the absence of fraud in a.

* Of the Second Circuit, sitting by designation.

business transaction, when a finding of fraud must be based on inferences to be drawn from a course of conduct between the parties. We do not need to determine whether the evidence adduced by the appellant before the trial court would have warranted a finding by the trial court that the appellee had induced the appellant to surrender its patent rights and enter into the contract by fraudulent representations. We are convinced that the contrary inference was one that the trial court was permitted to make from the evidence.

The judgment must, therefore, be affirmed.